

# How Straw Argues the Philippines' Independence Law Conflicts with U.S. Constitutional Powers

## 1. Lack of Enumerated Authority to Create Nations

- **No Express Power Granted:** Straw contends that nowhere in the U.S. Constitution is Congress explicitly granted the authority to create a new sovereign nation out of U.S. territory merely by enacting a statute. He asserts that Congress possesses only those powers specifically enumerated in Article I, Section 8, and the power to grant independence and establish a foreign country is not among them.

- **Tenth and Ninth Amendments:** Straw invokes the Tenth Amendment, emphasizing that any power not delegated to the federal government remains with the states or the people. He argues that nation-creation is a fundamental sovereign act that "The People" exercised at the founding (as with the Declaration of Independence), and Congress cannot appropriate this power through ordinary legislation[1].

## 2. Improper Use of Legislative, Not Treaty, Mechanism

- **Statute, Not Treaty:** He emphasizes that the Tydings-McDuffie Act was a unilateral legislative act, not an international treaty. In 1934, the Philippines was not a foreign power but a U.S. territory, so the Act could not operate as a treaty between two sovereign entities. Straw argues that creating international legal personality or transferring sovereignty should require a treaty or an act of "The People," not just ordinary legislation[1].

* * * Section on proclamation date excised per amended complaint * * *

## 4. Analogy to Secession and Rebellion

- **"Orderly Secession" Forbidden:** Straw compares the grant of independence to a form of "orderly secession," which the Supreme Court (in Texas v. White) ruled was unconstitutional for U.S. states. He questions whether Congress can validly approve a process amounting to the sanctioned secession of a territory, given that the Constitution only provides mechanisms for suppressing, not facilitating, rebellion or secession[1].

### 5. Consequences for Individual Rights

- **Loss of Protected Rights:** Straw argues that the act of granting independence stripped U.S. citizens in the Philippines of federally protected property rights (such as the right to own land), without just compensation, in violation of the Fifth Amendment Takings Clause. He asserts that such a legislative act cannot escape constitutional limits or obligations, and present-day sovereignty does not retroactively legalize unconstitutional deprivations[1].

### 6. Demand for Judicial Review

- **Judicial, Not Political, Question:** Citing Marbury v. Madison, Straw maintains that it is the judiciary's duty to determine whether Congress had constitutional authority for this action, not for other branches or practical considerations to decide. He claims that the passage of time, international recognition, or the mere inconvenience of revisiting the issue do not cure the constitutional defects, nor do they deprive the courts of jurisdiction to address them[1].

**In summary:** Straw's argument is that the Tydings-McDuffie Act and the subsequent recognition of Philippine independence conflict with the U.S. Constitution because Congress was never delegated the necessary power to grant such independence by statute, failed to follow its own procedures, and violated protected individual rights in the process. He asserts that these constitutional breaches cannot be justified or overlooked due to practicality, precedent, or international custom[1].



1. COMPLAINT_InRePhilippinesIndependence_ANDREWSTRAW_17JULY2025.pdf