IN THE
# United States District Court
# for Maine

| ANDREW U. D. STRAW, | ) | Case No.: 2:25-cv-00378-JAW-KFW |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Hon. John A. Woodcock Jr. |
| v. | ) | Judge Presiding |
| | ) | |
| UNITED STATES & PHILIPPINES, | ) | Hon. Karen Frink Wolf |
| *Defendants.* | ) | Magistrate Judge Presiding |

## MOTION FOR COURT SERVICE

I, plaintiff ANDREW U. D. STRAW, make the following MOTION to serve defendants:

## FACTS

1. The Court has granted *in forma pauperis* in two other cases before this Court and I hope it will be granted here because it is merited.

2. I sent a NOTICE OF LAWSUIT and REQUEST FOR WAIVER with the prescribed WAIVER form to both defendants.

3. I sent these forms dated **July 21, 2025**, to the U.S. Attorney for Maine.

4. I sent these forms dated **July 21, 2025**, to the Secretary of Justice of the Philippines.

5. I sent both of these forms by email and these are the addresses I used:

6. usame.webmaster@usdoj.gov

7. osec@doj.gov.ph

8. Neither have responded to my emails as of August 4, 2025.

1

9. There is no indication that either defendant is going to waive service.

10. I believe in good faith that the Constitution limits the powers of Congress to those powers enumerated in that document and not one jot more. When powers are listed, the doctrine of *expressio unius est exclusio alterius* and the language of the Tenth Amendment must prevail over a statute that invokes powers **Congress does not have and never had**.

11. The Constitution gave Congress powers to buy and sell land, regarding **territories**.

    *The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.*

    https://constitution.congress.gov/browse/essay/artIV-S3-C2-3/ALDE_00013511/

12. **Rules and regulations do not create countries** and this attempt to do so is the only time it has ever been attempted, and it should be rejected.

13. Nothing in the text of the Constitution lists a power to change territory land that was **purchased** (from Spain in this case with $20 million) into **a nation**, **a sovereign nation**, without the payment of **a single dollar**, **a single penny**, by anyone to the United States, as happened with the Philippines in the Tydings-McDuffy Act of 1934 as expressed in 1946.

14. This is a unique case. Congress has never to my knowledge tried to create any nation before using **plain legislation**.

2

15. For Congress to create nations is to usurp the power, actually a power mentioned in the Declaration of Independence, **held by the People**.

16. It is clear that the power to create nations only exists in the hands of **"We the People,"** not Congress. And given the People of the Philippines were not even U.S. citizens, they did not have that Power under the U.S. Constitution without the participation of the other American "People." That is why I call that Act **"orderly secession"** that violates the spirit of the sacrifices in the U.S. Civil War. **No secessions to create nations.** That was the message of Abraham Lincoln and the Union of which Maine was a part.

17. Maine played a significant role in the U.S. Civil War, contributing a high proportion of its population to the Union Army. Despite having a smaller population than many other states, Maine raised 32 infantry regiments, 2 cavalry regiments, and 8 artillery batteries. Maine soldiers participated in major battles such as First Bull Run, Gettysburg, and Appomattox, according to the Maine National Guard. The state also provided artillerymen to guard Washington, D.C.

18. https://www.me.ng.mil/About/Our-History/The-Civil-War/

19. The U.S. Congress under the Constitution was formed legislatively to be the national legislature of the new constitutional republic after 1787, embodying the nation as a **legislative creation**.

20. The Constitution itself doing that was **not a mere act of Congress** but a separate nation-creating document **ratified by the states**, so it is **distinct from congressional legislation alone**.

21. It was not Congress that Declared Independence and this is an auspicious time to notice this given 250 years from that Declaration is about to happen.

22. Congress was created by We the People's Constitutional Convention with delegates from the original states and commonwealths.

23. I don't believe my grandfather fought Japan (**Dkt. 5-2**) to liberate the Philippines and Okinawa in WWII so that what he liberated as U.S. territory in 1944 & 1945 could then just be given away for free into nation status, ==disadvantaging his own grandson's rights==.

24. https://www.courtlistener.com/docket/70866352/5/2/straw-v-united-states/

25. I don't disagree that Congress could sell the Philippines to another nation. Certainly it could. But nowhere can Congress sell it or give it to **something that does not exist, a nation that does not exist**. It is not disputable that there was no Philippines nation in 1934 to sell it to or give it to.

26. That new nation's status has deprived the Filipino veterans of rights as Americans. It was *wrong* and it is amazing that Congress would do that right after the sacrifices Americans made to liberate that place *for America*.

27. Each one of those Filipino veterans ==swore an oath to uphold the American Constitution== and the ==U.S. as a nation==, not a ghost, not a fiction, some nation invention by an overreaching U.S. Congress.

4

28. In my case, whether I am in a U.S. territory or not has significant impacts.

29. The Court has already suggested that I am "stateless" in *Straw v. Avvo, Inc.*, 2:25-cv-00391-JAW-KFW (D.Me.) (Dkt. 14):

30. https://www.courtlistener.com/docket/70915481/14/straw-v-avvo-inc/

31. It said that I don't live in Illinois anymore. It did not consider my Maine contacts and business there as a graduate student and plans for a law firm operating in Maine to connect me enough with Maine. And so it stopped there and said I was *stateless* and unable to obtain the services of this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

32. But for some reason, the analysis stopped there and did not consider that **as a matter of law**, I may well be in a territory that is covered by 28 U.S.C. § 1332(e) because **territories are considered states**. That subsection does not list which territories are to be considered states. It just says territories.

33. There is only place on Earth where this problem can arise and it is where I am located now, the Philippines, granted independence not by U.S. Constitutional Amendment but **mere legislation**. Congress had to anticipate that eventually some American citizen would be hurt by that action and here I am.

34. And that means if I am in a U.S. territory as a matter of law, a real and concrete right is taken from me by holding the other way. My diversity jurisdiction right is also at stake, not just my constitutional property rights

and other rights associated with being in the United States as a U.S. citizen, which I am.

35. If I am in the United States, it does not lie in the mouth of Philippines Bureau of Immigration to impose visa fees on me of any kind. States and territories of the United States are not allowed to burden interstate commerce and movement with immigration visas on other U.S. citizens. Being able to move across state and territory lines is a U.S. Constitution Privilege and Immunity of every U.S. citizen. That is a huge deprivation.

36. It is my position that if the United States took away a whole slate of rights from U.S. citizens who go to the Philippines, every single financial burden and right extinguished should be compensated by the United States due to the unconstitutional action of creating a nation out of part of the USA.

37. In *Paul v. Virginia*, 75 U.S. 168 (1869), the Supreme Court held that the Privileges and Immunities Clause includes "the right of free ingress into other States, and egress from them."

38. In *Ward v. Maryland*, 79 U.S. 418 (1870), the Supreme Court explained the clause "plainly and unmistakably secures and protects the right of a citizen of one State to pass into any other State of the Union."

39. In *United States v. Guest*, 383 U.S. 745 (1966), the Supreme Court acknowledged "freedom to travel throughout the United States has long been recognized as a basic right under the Constitution."

40. In *Saenz v. Roe*, 526 U.S. 489 (1999), the Supreme Court clarified that the right to travel has three components: **entering and leaving** another state, being **treated as a welcome visitor**, and, for those who become residents, being **treated equally to other citizens of that state**."

41. https://www.law.cornell.edu/wex/privileges_and_immunities_clause

42. https://constitution.congress.gov/browse/essay/artIV-S2-C1-13/ALDE_00013789/

43. https://en.wikipedia.org/wiki/Freedom_of_movement_under_United_States_law

44. https://www.law.cornell.edu/constitution-conan/article-4/section-2/clause-1/right-to-travel-and-privileges-and-immunities-clause

45. Given I allege ==a monumental constitutional error==, the federal courts are obliged to decide whether the Tydings-McDuffie Act of 1934 was constitutional or not. My *travel rights without burdens* and *property rights* and the ability to use of the ==diversity jurisdiction of this U.S. District Court== depend in part on that question being answered. U.S. Const. "Privileges & Immunities Clause," Amendment V "Takings Clause," and 28 U.S.C. § 1332(e).

46. Even my asylum-seeking status could be affected by the outcome of this particular lawsuit. Nobody else has the kind of standing I do to assert this claim against this 1934 statute. Much rides on the outcome and I have standing for that reason.

WHEREFORE, I MOVE the Court to serve the two defendants under FRCP Rule 4(c)(3) and 28 U.S.C. § 1915(d), assuming in forma pauperis is granted, even though I don't believe one of them exists if I am right here. FRCP Rule 5.1 also requires this Court to inform U.S. DOJ that this case calls into question the constitutionality of a statute passed by Congress, so this service also doubles as that required notice. That FRCP Rule 5.1 also confirms the *Marbury v. Madison* obligation to make such constitutionality determinations under judicial review powers when properly placed before the Court by a person with standing like myself.

1. U.S. Department of Justice (DOJ)
   Robert F. Kennedy Department of Justice Building,
   950 Pennsylvania Avenue NW
   Washington, D.C., 20530

2. Secretary of Justice of the Philippines
   Department of Justice
   Padre Faura Street
   Ermita, Manila 1000
   Republic of the Philippines

I, *plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: August 4, 2025.

Respectfully,

s/ ANDREW U. D. STRAW
MAILING ADDRESS:
9169 W State St #690
Garden City, ID. 83714
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **MOTION FOR COURT SERVICE** of defendants with the Clerk of the U.S. District Court for Maine by email on ==August 4, 2025==.

                                        Respectfully submitted,

                                        s/ ANDREW U. D. STRAW
                                        MAILING ADDRESS:
                                        9169 W State St #690
                                        Garden City, ID. 83714
                                        Telephone: (847) 807-5237
                                        andrew@andrewstraw.com