UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW U. D. STRAW, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES and THE REPUBLIC )<br>OF THE PHILIPPINES, )<br>)<br>Defendants ) | No. 2:25-cv-00378-JAW |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Andrew U. D. Straw's application to proceed *in forma pauperis*, *see* ECF No. 9, his amended complaint (ECF No. 5) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Straw challenges the legal process by which the Republic of the Philippines gained its independence from the United States. *See* Amended Complaint at 1. He explains, "I claim my right to own land in the Philippines was taken from me through the legislative act of granting independence, an action not constitution[al] per any listed power of Congress, and against my Takings Clause rights that are explicitly listed in the Fifth Amendment." *Id.* at 2. He seeks a judgment from this Court declaring, among other things, that the Philippines remains a territory of the United States and that he has the right to own land there. *See id.* at 16-19.

I recommend that the Court **DISMISS** Straw's complaint and **MOOT** any other pending motions. The entire premise of Straw's complaint is legally frivolous—

1

the Philippines has been an independent country for nearly eighty years and the Takings Clause provides no remedy for Straw's disappointment in purportedly not being allowed to own land in a foreign country because of legal changes that occurred decades before he was even born. *See Tuaua v. United States*, 788 F.3d 300, 305 n.6 (D.C. Cir. 2015) (recognizing that the Philippines gained its independence from the United States in 1946); *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 31 (2012) ("The Takings Clause is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." (cleaned up)). And even if Straw's claims were not patently meritless, venue does not lie properly in the District of Maine because Straw does not reside here and none of the events giving rise to his claims occurred here. *See* 28 U.S.C. §§ 1391(f), 1402, 1406(a).

I also recommend that the Court **WARN** Straw that filing restrictions may be in the offing given his status as a serial litigator. *See Straw v. U.S. Dep't of Just.*, No. 2:25-cv-00379-JAW, 2025 WL 2721116, at *1 (D. Me. Sept. 25, 2025) (noting, when dismissing another of Straw's complaints, that he "is a serial litigator" and warning him "that filing restrictions may be in the offing if he continues to file frivolous actions in this Court" (cleaned up)); *Straw v. Avvo Inc.*, No. 2:25-cv-00391-JAW, 2025 WL 2272164, at *7 (D. Me. Aug. 7, 2025) (same), *appeal docketed*, No. 25-1761 (1st Cir. Aug. 8, 2025).

Finally, given the baseless nature of Straw's complaint, I recommend the Court **CERTIFY** that any appeal from its order dismissing this matter would not be taken

in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: October 9, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge
